NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-645

OFELIA ELISA HERNANDEZ

vs.

OMAR EFREN MOGOLLON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the Probate and Family Court entered a supplemental judgment of paternity concerning the parties' child.  The mother appeals from that supplemental judgment, challenging only the portion of the judgment that sets the father's retroactive child support obligation at $11,336.[1]  We affirm.

Background.  The child was born in Massachusetts in November 2005.  On the limited record before us, we infer that the parents were not married; the father stipulated to paternity

---

[1] The supplemental judgment was amended to correct a scrivener's error, nunc pro tunc to the date of the original judgment.  The father did not file a brief or otherwise participate in this appeal.

of the child in 2011, and, according to the mother, he made nominal child support payments before he moved to the United States in 2021.[2]

In 2023, the mother filed a complaint to establish paternity of the seventeen year old child, and to obtain an order for child support. At a pretrial hearing in December 2023, the parties agreed that the father would pay weekly child support in the amount of $165 beginning later that month. The judge then entered a partial judgment incorporating that agreement. The mother also asked the judge to issue an order for retroactive support payments back to the time of the child's birth in 2005, and, in response, the judge scheduled a review hearing to allow the mother to present additional financial information for that period.

At the review hearing in February 2024, the father provided a financial statement and the mother provided her tax information.[3] There was evidence that the father earned thirty dollars per month[4] before moving to the United States, although

---

[2] These payments were in five dollar increments; the frequency of the payments is not clear from the record.

[3] The record includes copies of the mother's tax documents, but does not include a copy of the father's financial statement. We do not know what information was included in that document.

[4] The judge found that "[t]he father credibly testified that he worked in Venezuela, where he report[ed] that the average salary is $30 per month, until he came to the United States a

the mother argued that the father's representation on that point was not credible.[5]  Ultimately, the judge found the evidence insufficient to calculate the father's retroactive child support obligation "with precision," so she applied "the minimum amount fixed by the current child support guidelines" to calculate a total retroactive child support order of $11,336.[6]  An amended judgment issued, see note 1, supra, and the mother filed this appeal.

Discussion.  Under G. L. c. 209C, § 9 (a), "if a court finds a parent chargeable with the support of a child, the court shall make an order in accordance with [§ 9](c) . . . requiring the parent to make payments toward the current support and maintenance of the child."  Department of Revenue v. Mason M., 439 Mass. 665, 669 (2003) (Mason M.).  "Upon the petition of a party, the court shall also order past support for the period from the birth of the child to the entry of the order, taking

---

few years ago."  We understand the judge to mean that the father's average wage was thirty dollars per month in Venezuela.

[5] The mother represented that the father was a lawyer in Venezuela, and that he "traveled many times to Spain and other places."  This, she suggested, was evidence that the father earned more than he claimed.

[6] The judge's award of $11,336 included payments for 218 months of retroactive child support; under the Massachusetts Child Support Guidelines, the minimum amount the father would have owed during that time was $52 per month.

3

into consideration the parent's ability to pay under [§ 9](c)."
G. L. c. 209C, § 9 (a). To determine the amount of such support, judges are required to follow the Massachusetts Child Support Guidelines (guidelines). See G. L. c. 209C, § 9 (c); Mason M., supra. We review a judge's child support determination for an abuse of discretion. See Cavanagh v. Cavanagh, 490 Mass. 398, 417 (2022).

The guidelines provide, inter alia, minimum levels of support based on the incomes of payor parents. See Child Support Guidelines, § II(C)(1) (July 2023). At the time the amended judgment in the present case entered, the guidelines set the minimum payment at $12 per week. See id. Based on this standard, the order at issue was proper.

The judge credited the evidence that the father earned thirty dollars per month before 2021, and we defer to the judge's assessment.[7] See Gaw v. Sappett, 62 Mass. App. Ct. 405, 409 (2004). We also are not persuaded by the mother's argument that the judge's decision was "hasty," or that the judge failed to provide the mother with an opportunity to discover additional

---

[7] Although the mother's record appendix includes additional documents and other information, which she argues show that the father's historical income was higher than the figure the judge used in calculating the retroactive support order, it does not appear that those documents were presented to the judge. We therefore do not consider them. See Fidelity Mgt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996).

4

evidence about the father's past earnings.  The judge scheduled a review hearing on the mother's request for retroactive support explicitly to allow the mother to present additional information, and the judge provided the mother nearly two months to marshal that evidence.[8]

Furthermore, the judge's citation to O'Meara v. Doherty, 53 Mass. App. Ct. 599, 605 (2002), was appropriate.  O'Meara stands for the proposition that a judge may consider factors, including a payee parent's lengthy delay in seeking retroactive child support, in assessing the fairness of a given order for that support.  See id. at 605-606.  Unlike in O'Meara, in the present case, the father acknowledged paternity over a decade ago.  Compare id. at 600-601, 605.  Nevertheless, as the mother acknowledged at the pretrial hearing in December 2023, she did not seek child support before the child turned eighteen because she believed the father could not pay it.  We thus discern no

---

[8] In her brief, the mother asks us to order the father to provide historical information about his finances from 2005 to the present.  Assuming we have that authority, we decline to exercise it here.

5

error in the judge's reliance on <u>O'Meara</u> in support of her decision.

<u>Amended supplemental judgment<br>of paternity affirmed</u>.

By the Court (Rubin, Hand & Smyth, JJ.[9]),

Clerk

Entered:  May 8, 2025.

---

[9] The panelists are listed in order of seniority.